**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| MASTEROBJECTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 6:20-cv-00087-ADA |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| FACEBOOK, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROTECTIVE ORDER

WHEREAS, it may be necessary or desirable to take discovery of information which is believed to be confidential and proprietary by the holder thereof;

WHEREAS, the parties hereto desire to obtain a protective order to prevent dissemination and unnecessary disclosure of such information on the public record; and

WHEREAS, such information likely will include, among other things, information about sensitive products and/or services, proprietary design and development materials of products and/or services, source code, strategic decision-making information, and marketing and sales information;

THEREFORE, subject to the Court's approval, pursuant to Federal Rules of Civil Procedure, Rule 26(c), the following provisions shall govern the handling of such confidential information and documents in these proceedings.

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to the following Protective Order.   The Parties

acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  As set forth in Section 14.4 below, this Protective Order does not entitle the Parties to file confidential information under seal; Local Rule CV-5.2 sets forth the procedures that must be followed when a Party seeks permission from the Court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party, (3) at the time of retention, is not anticipated to become an employee of a Party, and (4) in the case of anyone to whom   HIGHLY   CONFIDENTIAL   –   ATTORNEYS'   EYES   ONLY   or    HIGHLY

CONFIDENTIAL – SOURCE CODE may be shown, has been cleared through the disclosure/objection process set forth in section 7.5.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     House Counsel:  attorneys who are employees of a Party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are employed by a law firm which has appeared on behalf of that Party, and the employees of such law firm to whom it is reasonably necessary to disclose the information for this litigation.

2.12    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing graphics, exhibits, appendices or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  However, if the accuracy of information under (a) or (b) is confirmed only through the review of Protected Material, then the confirmatory information shall not be considered to be in the public domain.  Such confirmatory information is explicitly included in the definition of "Protected Material" set forth in Paragraph 2.15 above.  Moreover, the Receiving Party cannot use Protected Materials to confirm to any person or entity that does not have access to the Protected Materials the accuracy of media reports or, more generally, to respond to questions from parties to whom disclosure of the Protected Materials is not permitted under this Order. Furthermore, the confidentiality designation of Protected Materials is not negated by media reports

regarding the same general subject matter contained in Protected Materials, absent agreement by the Designating Party or a Court order.  Nothing in this paragraph prevents a Party from discussing or disclosing material identified in (a) and (b) above with or to any other person or entity.  The burden of proving prior possession or prior knowledge of such Protected Material obtained from a public source shall be on the Receiving Party.  All other burden(s) of proof are as specified in Section 6.

Nothing in this Order will restrict a Producing Party's use or disclosure of its own Protected Material.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States, if applicable.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

A Designating Party will not intentionally make designations for an improper purpose or to impose unnecessary expenses and burdens on other parties.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.   Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material. Where it is impractical to affix a designation to particular pages of a document, e.g., native Excel files, it shall be acceptable to designate the entire document, by, for example, affixing the designation to an Excel file name. A Receiving Party has the right to seek more specific designations; the procedures for resolving any dispute over a request for greater specificity shall be those set forth in Section 6 below.

(b) for testimony given in deposition that the Designating Party either (1) identify on the record the portions of the transcript that shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," or (2) invoke on the record the right to identify in writing within 21 days of receipt of the final transcript the portions of the transcript that shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by page and line number.  If a Designating Party, through inadvertence, failed

to invoke the 21-day period on the record, the Designating Party may invoke the period thereafter, if such invocation is made (1) promptly after discovering the inadvertent failure to invoke, and (2) within a reasonable time following the close of the deposition day in question.  The obligations of the Receiving Party on late invocation of the 21-day period by a Designating Party are as set forth in Section 5.3.  Testimony given at trial shall be governed by a separate agreement or order.

Parties shall give the other parties notice if they reasonably expect a deposition to include Protected Material so that the other parties can ensure that only authorized individuals under Sections 7.2, 7.3, and 7.4, *infra*, are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Deposition transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  If a deposition was videotaped, copies of the video will have an obvious legend indicating that the video contains Protected Material.  The Designating Party shall inform the court reporter and videographer of these requirements.  Any transcript/video that was not designated on the record pursuant to the first paragraph of Section 5.2(b) above shall be treated during the 21-day period for designation as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety, and so marked by the reporter/videographer.  After the expiration of that period or as of such earlier time that such transcript/video is designated, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the information or item

warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.  Upon correction of a designation made after a reasonable time from the discovery of the inadvertent failure to designate, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order; however, if the initial designation (or lack of designation) resulted in the prosecution bar set forth in Section 8 below not being triggered as to an individual(s) who received the information, then timely correction will not trigger the bar as to that individual(s).

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Section of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within seven (7) business days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation

is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>.   If the Parties cannot resolve a challenge without court intervention, within three (3) business days of the parties agreeing that the meet and confer process will not resolve their dispute, or disagreeing that it will, the Designating Party and Receiving Party will jointly contact the Court's law clerk to arrange a telephone conference with the Court to summarize the dispute and the parties' respective positions.  After hearing from the parties, the Court will determine if further briefing is required.   The disputed information shall remain Protected Material unless and until the Court orders otherwise.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, mediators and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation (including settlement discussions) and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses not otherwise authorized to see CONFIDENTIAL information to whom disclosure is reasonably necessary may be shown CONFIDENTIAL information with the consent of the Designating Party or as ordered by the Court;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) a Designating Party's current employees and Experts.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) during their depositions, witnesses not otherwise authorized to see HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information to whom disclosure is reasonably necessary may be shown HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information with the consent of the Designating Party or as ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(f) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, mediators and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation (including settlement discussions) and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) a Designating Party's current employees and Experts.

7.4    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action;

(b) up to three Experts of the Receiving Party and up to three staff members to each Expert (for a total of no more than 12 individuals) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have each signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

A), and (3) with respect to Experts, as to whom the procedures set forth in paragraph 7.5, below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) during their depositions, witnesses not otherwise authorized to see HIGHLY CONFIDENTIAL – SOURCE CODE information to whom disclosure is reasonably necessary may be shown HIGHLY CONFIDENTIAL – SOURCE CODE information with the consent of the Designating Party or as ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal HIGHLY CONFIDENTIAL – SOURCE CODE information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(f) professional jury or trial consultants (but not mock jurors), mediators and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation (including settlement discussions) and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) a Designating Party's current employees and Experts.

7.5     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Protective Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs 7.3 and 7.4 first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

– SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the party to the litigation for whom such work was done, (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, (7) identifies any patents or patent applications in which the Expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest, and (8) identifies any articles, books or other publications by the Expert during the preceding five years.  With regard to the information sought through part (5), (7) or (8) of this disclosure, if the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

(b)  A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within five (5) business days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)  A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within five (5) business days of the written objection.  If the Parties cannot resolve the objection without court intervention, within three (3) business days of the parties agreeing that the meet and confer process will not resolve their dispute or disagreeing that it will, the Designating Party and

Receiving Party will jointly contact the Court's law clerk to arrange a telephone conference with the Court to summarize the dispute and the parties' respective positions.  After hearing from the Parties, the Court will determine if further briefing is required.  The disputed information shall not be disclosed to the Expert at issue until the dispute is resolved.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under any safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.      PROSECUTION BAR

Absent written consent from the Producing Party, any individual bound by this agreement who receives access to the Producing Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in prosecution activity regarding the field of invention (i.e., client-server communication systems, and particularly to any actual or alleged session-based bi-directional multi-tier client server asynchronous search and retrieval system), where the prosecution activity impacts claim scope, including without limitation such activities relating to the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  Prosecution includes, for example, original prosecution, reissue, and reexamination and other post-grant proceedings.  For purposes of this Section, "where the prosecution activity impacts claim scope" includes advising on substantive prosecution activities, such as directly or indirectly drafting, amending, advising, or otherwise affecting the scope of patent specifications and the scope of patent claims.  To avoid any doubt, "where the prosecution activity impacts claim scope" as used in this Section does not include representing a party or participating in challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, post grant review, covered business method patent review, or *inter partes* review), provided that the individual does not advise on, consult on, prepare, draft, or edit any amendments to the claims or

specifications at issue.  In further avoidance of doubt, "where the prosecution activity impacts claim scope" as used in this Section does not include advising on the payment of maintenance fees, advising on the revival of expired patents, advising on the correction of inventorship or priority benefit claim of a patent or patent application, or advising that a party should not let a patent lapse. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9.   SOURCE CODE

(a)   To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  A document that quotes or cites filenames, line numbers, directory names, module names, class names, parameter names, variable names, function names, method names, and/or procedure names (e.g., for notetaking or identification purposes) but does not reproduce any lines of source code or otherwise contain any information or detail that falls under the "HIGHLY CONFIDENTIAL – SOURCE CODE" definition above need not be designated "HIGHLY CONFIDENTIAL – SOURCE CODE" but must be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b)   Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Section 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – SOURCE CODE" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours (9:00 am to 5:30 pm local time) or at other mutually agreeable times as follows: MasterObjects will make any source code that it offers for inspection available at a mutually agreeable location.  Facebook will make any source code that it offers for inspection available in a facility selected by Facebook that is located in a city that Facebook selects from the following cities:  Austin, Boston, Houston, New York, and Washington, D.C.  MasterObjects will reimburse Facebook for costs associated with making its source code available at such location.  *See* Dkt. No. 35.  To the extent that government restrictions related to the COVID-19 pandemic either affect the ability of a Party to make its source code available at the foregoing locations or the ability of a Party to travel to the foregoing locations, the Parties agree to meet and confer regarding alternative solutions for making source code available for inspection.  The computer containing source code ("source code computer") will be made available upon notice five (5) business days in advance of the first requested inspection.  The Receiving Party will provide notice in writing at least three (3) business days prior to any additional inspection of the source code and identify the individual(s) who will review the source code.   The Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the source code computer outside of normal business hours or with less than the applicable notice times.  The source code shall be made available for inspection on a secured computer in a room without Internet access or network access to other computers, and the Producing Party will provide the Receiving Party with information explaining how to start, log on to, and operate the secured computer in order to access the produced source code.  The Receiving Party shall, subject to the limited exceptions set forth herein, not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.  The Producing Party will not monitor what is being specifically reviewed on the source code computer's screen by the

Receiving Party, nor will the Producing Party view the notes taken by the Receiving Party, nor will the Producing Party log the Receiving Party's keystrokes on the source code computer or otherwise attempt to record the Receiving Party's work-product.  The Producing Party will provide the Receiving Party with an unmonitored breakout room.  All persons viewing source code shall sign on each day they view source code a log that will include the names of persons who enter the room to view the source code and when they enter and depart.

(d)     The Receiving Party may request paper printouts of reasonable portions of source code that are reasonably necessary for the preparation of filings, pleadings, expert reports, or other papers, or for use as an exhibit at deposition or trial, but shall not request paper printouts for the purposes of reviewing the source code other than electronically as set forth in subsection (c) in the first instance.  Using the software available on the source code computer, the Receiving Party shall create PDFs of the printed copies the Receiving Party is requesting and save them in a folder on the desktop named "Print Requests" with a subfolder identifying the date of the request. It is the Producing Party's responsibility to ensure the secured computer allows for the creation of PDFs and to explain to the Receiving Party how to create PDFs of the source code.  The Producing Party will ensure that the PDF printouts include identifying information, including the full file path and file name, page number, line numbers, and date.  Requests for printed source code shall be served via email, and will identify the subfolders of the "Print Requests" folder that the Receiving Party is requesting, and identify the locations to which the printout copies are to be delivered. Within three (3) business days of such a request, the Producing Party shall send five (5) individually-numbered paper printouts of the requested source code on non-copyable paper, including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE," by overnight next morning delivery, to the addresses identified in the email, unless an address is within 60 miles of the source code computer location, in which case delivery will be by hand

within at least three (3) business days of the request.[1]   If the request is served after 6:00 pm Pacific Time, it shall be deemed served the following business day.

In no case may the Receiving Party request more than 25 consecutive pages, or an aggregate of more than 250 pages, of source code during the duration of the case without prior written approval of the Producing Party.   The Parties agree to meet and confer in good faith regarding reasonable requests for source code exceeding the foregoing limits.   If the Receiving Party requests printouts exceeding the foregoing limits, the Producing Party may challenge the amount of source code requested in hard copy form by objecting in writing within five (5) business days of a Receiving Party's email identifying subfolders to be printed.   A Party that receives a timely written objection must meet and confer with the Producing Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within five (5) business days of the written objection. If no agreement is reached, within three (3) business days of the Parties agreeing that the meet and confer process will not resolve their dispute or disagreeing that it will, the Parties will  jointly contact the Court's law clerk to arrange a telephone conference with the Court to summarize the dispute and the parties' respective positions. After hearing from the parties, the Court will determine if further briefing is required.

In any proceeding involving a challenge to the amount of source code requested, the Receiving Party will bear the burden as to the reasonableness of its request.

(e)     The Receiving Party shall maintain a log of all paper printouts of the source code produced by the Producing Party.   The log shall include the names of the reviewers and/or recipients of paper printouts produced by the Producing Party and locations where the paper printouts are stored.   Upon two (2) business days advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

---

[1] For the avoidance of doubt, if the Receiving Party identifies 5 addresses, that does not entitle the Receiving Party to 25 copies of the source code printouts in question; rather, the Receiving Party could request that 1 copy be sent to each address.

To the extent a deposition is likely to involve source code, the Party taking the deposition, shall provide at least five (5) business days written notice of that fact, and if requested the Producing Party will make a source code computer available at the deposition.  The source code computer shall be configured such that the witness, taking and defending attorneys, and the court reporter can clearly see what is displayed on its screen (e.g., by connecting the source code computer to an overhead projector). If the source code computer is used during deposition, the Producing Party will provide a time-stamped log of the files opened and line numbers displayed on the source code computer screen during the deposition.  *See* Dkt. No. 35.  The parties will attempt to use the source code computer to minimize the need for additional paper copies of source code, but neither party is prohibited from using paper printouts during depositions, assuming such use otherwise complies with this Protective Order.  The Producing Party is not required to create a new source code computer for the purpose of depositions.  The Receiving Party may use source code printouts in deposition, but will retain exhibit copies of printouts at the conclusion of the deposition.  If a copy of a source code printout produced under 9(d) is marked as an exhibit to a deposition, the Receiving Party may thereafter request to exchange the exhibit copy of the printout for a new copy of the printout, in which case the producing party will provide a new copy of the printout and retain the exhibit copy of the printout.  Alternatively, if the Receiving Party requires additional copies of paper printouts for deposition, the Receiving Party will notify the Producing Party by e-mail at least two (2) business days before the deposition and identify the printouts it requests.  The Producing Party will bring the additional paper printouts to the deposition.  Any paper printouts used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

(f)      Except as provided in this subparagraph, absent express written permission from the Producing Party, the Receiving Party may not: (1) make paper printouts or paper printouts of excerpts of, or (2) create electronic images, or any other images, or make electronic copies, of the source code from any produced source code paper printouts for use in any manner (including by way of example only, the Receiving Party may not scan the source code to a PDF or photograph

the code).  Images or copies of source code shall not be included in correspondence between the Parties (references to production numbers and/or line numbers shall be used instead), and shall be omitted from pleadings and other papers except to the extent permitted herein.  The Receiving Party may create paper printouts of, or electronic copies or images of, limited excerpts of source code in a pleading, court filing, expert report, trial exhibit, demonstrative, deposition exhibit/transcript, mediation brief, and drafts of these documents.  Such excerpts shall in no instance comprise more than 50 consecutive lines of source code.  The Receiving Party shall maintain all paper printouts of, or paper printouts of excerpts of, the produced source code in a secured, locked area.  The Receiving Party may create an electronic image/copy of a selected portion of the source code only when the electronic file containing such image/copy ("Source Code File") has been encrypted using commercially reasonable software (specifically Microsoft Word Document Protect, 7Zip, or other software agreed upon by the Parties in writing) provided, however, that (i) transitory images/copies, such as images/copies temporarily saved to the clipboard during copy/paste operations, do not need to be so encrypted, and (ii) filings with the Court shall not be encrypted.  The Receiving Party shall not transmit any Source Code Files using email, nor shall the Receiving Party store any Source Code Files on any handheld devices, such as smartphones.  Any transmission of Source Code Files, apart from filing with the Court, shall be via secure FTP or password-protected media.  Copies of Source Code Files shall be deleted immediately from any media used for the purposes of transfer after transfer is complete.  The Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored, to the extent any electronic copies are stored outside of the law offices of Outside Counsel of Record for the Receiving Party.[2]  Such log need not include the names of any attorneys or staff of Outside Counsel of Record for the Receiving Party.

---

[2] This provision does not require the logging of any information that would reveal privileged,

If the Receiving Party wishes to make and use source code excerpts beyond what is permitted above, or make additional paper copies of the produced paper source code beyond what is permitted above, the Receiving Party and Designating Party will meet and confer in good faith to resolve the Receiving Party's request within seven (7) business days of the request. If agreement cannot be reached, the Parties will contact the Court's law clerk to arrange a telephone conference with the Court to summarize the dispute and the parties' respective positions. After hearing from the parties, the Court will determine if further briefing is required.  In any such proceeding, the Receiving Party will bear the burden as to the reasonableness of its request.

The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are expressly authorized to view source code under the provisions of this Protective Order.  Any printouts or electronic or printed copies of any portions of source code (or documents containing said portions of source code) must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" as provided for in this Order.  A party seeking to file with the Court documents containing excerpts of source code or attaching excerpts of source code printouts, as permitted by this subsection, or in the event that attaching a source code printout is necessary to substantiate the point for which it is submitted to the Court, attaching the hard copy source code printout, must file a Motion for Leave to File Under Seal under Local Rule CV-5.2.

(g)     The Producing Party shall install tools that are sufficient for viewing the source code produced. The Receiving Party's Outside Counsel and/or experts/consultants may request that commercially available software tools for viewing and searching source code be installed on the source code computer, provided, however, that (a) the Receiving Party possesses

---

work-product, or otherwise immune from discovery information and does not waive any privileges, protections, or other immunities.  As to the log called for by this subparagraph 9(f), the Producing Party is not entitled to a copy of the log absent Court order, and the parties agree that in the event of any dispute concerning the need to disclose the log, any disclosure of the log to the Court will be through *in camera* review.  However, if such a dispute arises, the producing party shall be entitled to know, in the aggregate, the (1) total number of such electronic copies, (2) the location at which such copies are stored and the manner in which they are secured, and (3) the specific individuals who have had access to such printouts.

an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the source code consistent with all of the protections herein.  The Producing Party shall approve reasonable requests for additional commercially available software tools.  The Receiving Party must provide the Producing Party with the CD, DVD, USB drive, file path, or Advanced Package Tool package containing such licensed software tool(s) at least five (5) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the source code computer.  The Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for faster installation of requested tools.  The Producing Party shall make reasonable attempts to install the requested software but will not be held responsible for the proper setup, functioning, or support of any software requested by the Receiving Party.  By way of example, the Producing Party will not compile or debug software for installation.  If the Producing Party has reason to know that installation of a tool was not successful, the Producing Party will promptly so notify the Receiving Party and reasonably work with the Receiving Party to address the situation.

The Producing Party may object to an additionally requested tool by objecting in writing within five (5) business days of receipt of a Receiving Party's request. A Party that receives a timely written objection must meet and confer with the Producing Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within five (5) business days of the written objection. If no agreement is reached, within three (3) business days of the Parties agreeing that the meet and confer process will not resolve their dispute or disagreeing that it will, the Parties will attempt to jointly contact the Court's law clerk to arrange a telephone conference with the Court to summarize the dispute and the parties' respective positions. After hearing from the parties, the Court will determine if further briefing is required.  In any such proceedings, the Receiving Party will bear the burden to show the reasonableness of its request.

(h)     The Receiving Party's Outside Counsel and/or Experts qualified under Section 7.4(b) shall be entitled to take notes (handwritten or electronic) relating to the source code,

but may not copy the source code into such notes.  To the extent the Receiving Party desires to take notes electronically, the Producing Party shall provide a note-taking computer (e.g., a computer, which is distinct from the source code computer, that is not linked to any network, including a local area network ("LAN"), an intranet, or the Internet, and has image making functionality of any type disabled, including but not limited to camera and video functionality) ("note-taking computer") with a current, widely used word processing program in the source code review room for the Receiving Party's use in taking such notes.  The note-taking computer shall have disk-encryption and be password protected.  The note-taking computer shall be used for the sole purpose of note-taking and shall be retained by the Producing Party.  The Producing Party will instruct the Receiving Party on how to start, log on to, and operate the note taking computer. The Receiving Party will save any notes taken on the note taking computer to a folder labeled "Source Code Notes."   Such notes shall be designated as and treated as HIGHLY CONFIDENTIAL – SOURCE CODE material, and shall be treated as copies of source code as set forth in Section 9(d)-(f), except that at the end of each day of source code inspection, under the supervision of the Producing Party, such notes shall be saved on a removable encrypted and password protected drive supplied by the Producing Party and given to the Receiving Party to retain.  Such notes shall be limited to a total of two hundred (200) pages for the Receiving Party (for the case, not per inspection). In the event this limit is inadequate for the Receiving Party, the Parties agree to negotiate in good faith to establish a reasonable extension of that limit.  The Producing Party will thereafter delete or destroy the electronic notes on the note-taking computer, without reviewing the substance of the notes.  The note-taking computer shall have no features that will hinder the complete clearing of the Receiving Party's notes after such notes have been printed or downloaded.  The Producing Party will not review the Source Code Notes, will not log key strokes with respect to the note taking, and will not otherwise attempt to discover the Receiving Party's work product related to the source code review.  Except as provided expressly in this paragraph, use or possession of any recordable media or recordable devices during the inspection by anyone other than the Producing Party is prohibited.

Any such notes shall not include copies or reproductions of the source code, but may refer to files, functions, variables, names, or other identifiers from the source code. The Receiving Party will be entitled to password protect the Source Code Notes folder and/or Word documents contained therein.

The Parties agree that if there are any disputes regarding the Receiving Party's notes, all notes taken by the Receiving Party shall be subject to *in camera* review to ensure compliance with this Protective Order.

(i)     Other than the source code computer and note-taking computer, no recordable media or recordable devices, including, without limitation, sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the source code review room.  Notwithstanding the foregoing, under supervision of the Producing Party, the Receiving Party may use the encrypted and password protected drive supplied by the Producing Party for the sole purpose of saving a copy of the Receiving Party's source code inspection notes from the notetaking computer.

(j)     The Receiving Party's Outside Counsel and any person receiving a copy of any source code or Source Code Notes shall maintain and store any paper printouts of the source code or Source Code Notes at their offices or homes in a manner that prevents unauthorized duplication of or unauthorized access to the source code, including, without limitation, storing the source code  printouts or Source Code Notes in a locked room or cabinet at all times when it is not in use.  No more than a total of 12 individuals identified by the Receiving Party, excluding Outside Counsel, shall have access to the source code.

10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

10.1    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.2    The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

11.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

2.      promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested.

(c)      If the Non-Party fails to object or seek a protective order from this court within a reasonable period of time after receiving the notice and accompanying information, including but not limited to any contractual notice period in an agreement between the Producing Party and the Non-Party covering the confidentiality and/or disclosure of the information requested, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.

12.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.     <u>PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain non-testimonial produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Production of privileged or otherwise Protected Material will be governed by a separate Federal Rule of Evidence 502(d) Order, if any.  In the event of an entered Federal Rule of Evidence 502(d) Order and any discrepancies between that order and Section 13 of this Order, the Federal Rule of Evidence 502(d) Order will govern.

14.     <u>MISCELLANEOUS</u>

14.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2    <u>Right to Assert Other Objections</u>.  Entry of this Protective Order does not result in waiver of any right a Party otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    <u>Export Control</u>.  The parties will take measures necessary to comply with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.

Notwithstanding any other section or subsection of this Protective Order, or any regulations or laws of the United States or any other country, Facebook's materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE" and/or materials containing Facebook's "HIGHLY CONFIDENTIAL – SOURCE CODE" information may not leave the territorial boundaries of the United States of America.  The restrictions contained within this paragraph may be amended through the express written consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.  If a Receiving Party wishes to use at a deposition any Protected Material that cannot be taken out of the United States

pursuant to this Order or export control laws, the Producing Party will make any witness associated with it available for the deposition in the United States.  Nothing in this Section is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

14.4    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Rule CV-5.2 and any order regarding sealing issued by the Court.

14.5    Privilege Logs.  No Party is required to identify on its respective privilege log(s) any document or communication dated after the filing of the Complaint.  Further, the Parties are not required to identify on their respective privilege log(s): (1) any privileged or otherwise immune communication with their litigation counsel, (2) any of their litigation counsel's work-product, (3) any litigation consultant, e.g., technical consultant or jury consultant, work product or communications with said consultants, or (4) testifying expert work product that was not disclosed to a prior defendant or communications with said testifying experts, dated after March 7, 2011 (the date MasterObjects filed its complaint in *MasterObjects, Inc. v. Google Inc.*, No. 4:11-cv-01054-PJH, N.D. Cal.).  The parties shall exchange their respective privilege logs at a time to be agreed upon by the parties following the production of documents, or as otherwise ordered by the Court.

## 15.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  All paper printouts of source code produced by a Producing Party under Section 9(d), and any complete paper copies of the produced source code printouts, must be returned to the Producing Party.  The Receiving Party's reasonable efforts shall not require the return or

destruction of Protected Material from (i) disaster recovery or business continuity backups, (ii) data stored in system-generated temporary folders or near-line storage, (iii) archived data with limited end-user accessibility, and/or (iv) material that is subject to legal hold obligations or commingled with other such material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material, with the exception of complete paper or complete electronic copies of source code printouts.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED, this __7th__ day of __July_____ 20 _20_

_____
The Honorable Alan D Albright

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

MASTEROBJECTS, INC.,          )
                                          )
           Plaintiff,         )
                                          )     Case No. 6:20-cv-00087-ADA
          v.                 )
                                          )     **JURY TRIAL DEMANDED**
FACEBOOK, INC.,               )
                                          )
           Defendants.     )
_____ )

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of Texas in the case of *MasterObjects, Inc. v. Facebook, Inc.*, Case No. 6:20-cv-00087. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Western District of Texas for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____

Title: _____

Address: _____

Signature: _____

Date: _____

-32-