UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASTEROBJECTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> Defendant. | No. C 21-05428 WHA <br><br> **ORDER RE AMENDED BILL OF COSTS** |

Following summary judgment in its favor, defendant sought to recover $59,991.56 in taxable costs. After counsel for the parties met and conferred, defendant filed an amended bill of costs that reduced its requested recovery to $40,319.31. Plaintiff now objects to $14,657.36 of that total, which corresponds to the cost of videotape copies of depositions ($4,859.30), reproduction of exhibits to depositions ($4,011.38), and preparation of visual aids ($5,786.68). To the extent stated herein, plaintiff's objections are **SUSTAINED**.

*First*, plaintiff argues that defendant is not entitled to recover the cost of videotape copies of depositions for which it also sought the cost of stenographic transcripts under Civil Local Rule 54-3(c)(1). This rule provides that a prevailing party may recover "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case[.]" As explained in *Total Recall Technologies v. Luckey*, No. 15-02281, 2017 WL 2118297, at *1 (N.D. Cal. May 16, 2017):

> The undersigned judge has previously denied recovery of both video and transcription services outright. *See Affymetrix, Inc. v. Multilyte Ltd.*, No. 03-03779, 2005 WL 2072113, at *2 (N.D. Cal. Aug. 26, 2005). In light of subsequent decisions interpreting Civil Local Rule 54-3(c)(1), however, the undersigned judge has allowed prevailing parties to recover such duplicate costs where the circumstances of the case warrant it and denied those costs when the circumstances did not warrant that duplication. *Compare Meier v. United States*, No. 05-0440, 2009 WL 982129, at *1 (N.D. Cal. Apr. 13, 2009) (allowing costs for video and transcript), *with Frlekin v. Apple Inc.*, Nos. 13-3451, 13-3775, 13-4727 (consolidated), 2016 WL 354862, at *2 (N.D. Cal. Jan. 25, 2016) (denying costs for video and transcript).

In *Meier*, "numerous discovery disputes, the contentious nature of [the] case[,] and the need to have a video record of the behavior of the deponent" justified duplicate costs. Meanwhile, in *Frlekin*, such costs were unjustified because "[a]ll of these witnesses would presumably have testified live at trial," "the jury would have seen their demeanor as live witnesses" and "[t]he transcribed testimony would have sufficed to impeach[.]" *See also* 18 U.S.C. § 1920 ("A judge or clerk of any court of the United States may tax as costs the following: . . . costs of making copies of any materials where the copies are *necessarily obtained* for use in the case") (emphasis added).

Like *Total Recall*, this action is more akin to *Frlekin*. "Here, it is true that our case became mired in discovery disputes, but none involved deposition conduct or any other issue that might have been resolved with videotapes. Nor did the contentious nature of this case warrant videotaped depositions — the transcript would have sufficed to impeach any witness, if necessary." *Total Recall*, 2017 WL 2118297, at *1. Because defendant has not shown that videotape copies of any of the 31 depositions taken in this action were required to resolving disputes, the $4,859.30 cost of the videotape copies is not properly taxed to plaintiff.[*]

---

[*] Plaintiff does not expressly object to the cost of transcripts (Opp. 10). However, it nevertheless argues that the cost of Veritext stenographic transcripts for depositions that defendant noticed is not taxable because defendant provides insufficient detail about what the cost includes (*id*. at 5–6). As plaintiff acknowledges, defendant established that this cost does not include rough drafts, expedited discovery, Realtime services, and synchronization (*id*. at 5 (citing Wang. Decl. ¶ 9)). Moreover, defendant submitted an email from Veritext confirming that the language "Original with 1 Certified Transcript" on each invoice means one original transcript copy (Wang Decl. Exh. E). Surcharges for "condensed transcripts, scanning eDisks, flash drives and so on" that are "not addressed at all" in the Veritext invoices are also not addressed in the invoices for depositions that plaintiff noticed (Opp. 5; Wang Decl. Exh. B). What's good for the goose is good for the gander.

*Second*, plaintiff asserts that defendant should not recover the cost of reproducing exhibits to depositions under Civil Local Rule 54-3(c)(3). Pursuant to this rule, "the cost of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable." Plaintiff contends that this rule contemplates a world in which counsel would make multiple hard copies of exhibits to bring to depositions, whereas all but one of the 31 depositions in this action were taken remotely (Opp. 6). In other words, reproducing exhibits to these depositions only involved vendors "pushing a button" to transfer PDFs of documents that defendant, at any rate, already had in its possession and often proffered itself (*ibid.*).

This order cannot countenance taxing the $4,011.38 cost of defendant's perfunctory requests for digital reproductions of digital deposition exhibits. The varying charges — ranging from $5.25 for 15 pages to $1,069.90 for 1,646 pages — seem to correspond to the costs involved in reproducing hard copies. In any event, defendant provides no explanation of why these charges are warranted or reasonable beyond mere recitation of the relevant local rule and tender of an internal spreadsheet (Wang Decl. ¶ 10). *See also Slaight v. Tata Consultancy Servs., Ltd*, No. 15-01696, 2019 WL 3934934, at *9 (N.D. Cal. Aug. 20, 2019) (Judge Yvonne Gonzalez Rogers). This order will allow defendant to tax the $6.20 cost of reproducing exhibits to the 2020 deposition of Meta witness William Pei, which took place in person. *See* Civ. L.R. 54-3(d)(2) ("The cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable."). But defendant does not meet its burden of providing appropriate documentation to support its request to tax the $4,005.18 cost of reproducing exhibits to the other depositions. *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-01846, 2014 WL 4745933, at *9 (N.D. Cal. Sept. 19, 2014) (Judge Lucy H. Koh). Accordingly, the $4,005.18 cost of reproducing exhibits to the other depositions is not properly taxed to plaintiff.

*Finally*, plaintiff argues that defendant should not recover the cost of preparing visual aids used in a technology tutorial before Judge Alan Albright in the above-captioned action under Civil Local Rule 54-3(d)(5). This rule allows for taxing the cost of "visual aids to be used as exhibits . . . if such exhibits are reasonably necessary to assist the jury or the Court in

3

understanding the issues at the trial." Defendant seeks to tax the $787.00 cost of a voice actor narrating the technology tutorial slideshow presentation, as well as the $4,999.68 cost of defense counsel's senior paralegal "[d]raft[ing] and edit[ing the] tutorial presentation" (Wang Decl. Exh. C; *see also* Rice Decl. ¶ 6, Exh. A). This order agrees with plaintiff that hiring a voice actor was not "reasonably necessary" when any one of defendant's lawyers could have prepared the slideshow presentation audio (Opp. 7–8 (citing *Affymetrix*, 2005 WL 2072113, at *4)). Likewise, it agrees that defendant has failed to show the time entries of Latham & Watkins' "Lead Intellectual Property Trial Analyst" are solely taxable costs associated with the physical preparation of demonstratives rather than nontaxable costs associated with intellectual effort (Opp. 9 (citing Rice Decl. Exh. A; *Phoenix Techs. Ltd. v. VMWare, Inc.*, No. 15-01414, 2018 WL 4700347, at *6 (N.D. Cal. Sept. 30, 2018) (Judge Haywood S. Gilliam, Jr.)). Again, defendant does not meet its burden of providing appropriate documentation to support its request. *See Apple*, 2014 WL 4745933, at *9. Thus, the $5,786.68 cost of preparing visual aids is not properly taxed to plaintiff.

In sum, for the foregoing reasons, plaintiff's objections are **SUSTAINED** to the extent stated herein. This order taxes $25,668.15, which corresponds to defendant's requested recovery ($40,319.31) minus the cost of videotape copies of depositions ($4,859.30), reproduction of exhibits to all but one deposition ($4,005.18), and preparation of visual aids ($5,786.68).

**IT IS SO ORDERED.**

Dated: January 10, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE