1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7

8                          NORTHERN DISTRICT OF CALIFORNIA

9

10   MASTEROBJECTS, INC.,

11            Plaintiff,                          No.  C 21-05428 WHA

12       v.

13   META PLATFORMS, INC.,                        **OMNIBUS ORDER RE MOTIONS TO
                                                  SEAL**
14            Defendant.

15   _____

16       This omnibus order addresses all remaining motions to seal and associated exhibits (Dkt.

17   Nos. 161, 171, 172, 177, 180, 181, 190, 193, 200, 202, 208, 209, 214, 215, 224, 229, 230, 233,

18   237, 240, 248, 249, 251, 252, 261, 287).

19       There is a strong public policy in favor of openness in our court system and the public is

20   entitled to know to whom we are providing relief (or not).  *See Kamakana v. City & Cnty. of*

21   *Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006).  Consequently, access to motions and their

22   attachments that are "more than tangentially related to the merits of a case" may be sealed only

23   upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp.,*

24   *LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the

25   merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.  The compelling

26   reasons standard applies to most judicial records.  Evidentiary motions, such as motions *in*

27   *limine* and *Daubert* motions, can be strongly correlative to the merits of a case.  *Id.* at 1098–

28   1100.

In addition, sealing motions filed in this district must contain a specific statement that explains:  (1) the legitimate private or public interests that warrant sealing; (2) the injury that will result should sealing be denied; and (3) why a less restrictive alternative to sealing is not sufficient.  The material requested to be sealed must be "narrowly tailored to seal only the sealable material."  Civ. L.R. 79-5(c).  For example, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of access and provide compelling reasons for sealing.  *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).  Compelling reasons may also warrant sealing for "sources of business information that might harm a litigant's competitive standing," especially where the public has minimal interest in the information.  *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978).

Finally, "[s]upporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard."  *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5).  "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."  Civ. L.R. 79-5(c).

### 1.    MASTEROBJECTS' MOTION FOR SANCTIONS.

Regarding MasterObjects' motion for sanctions and related briefing and exhibits, this order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 161-3 | MasterObjects' Motion for Sanctions | **DENIED.** | Meta seeks to seal general, technical information regarding its systems. Meta's support for sealing is insufficient because it is broad and nonspecific. Given the nature of the information at issue, Meta does not describe with particularity how disclosure of this information would cause it competitive harm.  It merely provides the generic |

| | | | assertion that disclosure would "potentially giv[e] bad actors a roadmap to identifying sensitive information about Meta's technical operation of Typeahead and related functionalities" (Dkt. No. 168).  Meta references source code, of which there is none cited in this document.  Moreover, Meta's request encompasses clearly non-sealable material.  For example, Meta seeks to seal the number of source code files produced in discovery (eleven million), and its Rule 30(b)(6) witness's testimony regarding the general computer-science definition of the word "cache."  The request is consequently overbroad.  Meta cites no authority indicating why this high-level information is sealable.  *See Finjan, Inc. v. Sophos*, Inc., 2015 WL 5012679, at *5 (N.D. Cal. Aug. 24, 2015) (Judge William H. Orrick).  This information goes to the heart of this litigation, and the public interest outweighs Meta's interest in keeping the material sealed. |
| 161-4 | Hosie Declaration | **DENIED.** | *See entry for Dkt. No. 161-3.* |
| 161-5 | Transcript of Deposition of William Pei (2022) | **DENIED.** | *See entry for Dkt. No. 161-3.*  Meta seeks to seal this transcript on the grounds it contains confidential information regarding its systems.  The Rule 30(b)(6) witness described the Typeahead system in generic terms.  Meta does not adequately explain how disclosure of this high-level information could allow a third-party to understand its system in enough detail that it would cause Meta competitive harm.  Moreover, the request is clearly overbroad, as it includes testimony regarding general computer-science terms at issue in the litigation, such as "index" and "cache." |
| 161-6 | Smedley Declaration | **DENIED.** | *See entry for Dkt. No. 161-3.* |
| 161-7 | Transcript of Deposition of William Pei (2020) | **DENIED WITHOUT PREJUDICE.** | *See entry for Dkt. No. 193-3.* |

| 161-8 | Internal Agenda | **GRANTED.** | Meta seeks to seal internal scheduling information that carries little public interest, public disclosure of which may cause Meta competitive harm. |
|---|---|---|---|
| 161-9 | Internal Technical Documentation | **GRANTED.** | Meta seeks to seal detailed, confidential information regarding Meta's systems, public disclosure of which may cause Meta competitive harm. |
| 161-10 | Internal Technical Documentation | **GRANTED.** | *See entry for Dkt. No. 161-9.* |
| 161-11 | Internal Brainstorm Document | **GRANTED.** | *See entry for Dkt. No. 161-9.* |
| 161-12 | Transcript of Deposition of Iosef Kaver | **DENIED.** | *See entry for Dkt. Nos. 161-3 and 161-5.* |
| 161-13 | Transcript of Deposition of Philip Pronin | **DENIED.** | *See entry for Dkt. Nos. 161-3 and 161-5.* |
| 161-14 | Excerpt of Meta's Responses to MasterObjects' Requests for Admission | **DENIED.** | Meta seeks to seal an excerpt from its responses to MasterObjects' requests for admission in its entirety.  The request is overbroad, as it includes the requests for admission themselves as well as Meta's boilerplate objections.  Moreover, Meta does not adequately explain why public disclosure of certain responses could result in competitive harm.  For example, Meta seeks to seal straightforward disavowals that go to the heart of this litigation, such as "Facebook denies that Typeahead uses one or more server-side caches containing previous queries."  Meta does not sufficiently explain how disclosure of such disavowals could cause it competitive harm. |
| 161-15 | Excerpt of MasterObjects' Requests for Admission | **DENIED.** | *See entry for Dkt. No. 161-14.* |
| 161-16 | Internal Technical Documentation | **GRANTED.** | *See entry for Dkt. No. 161-9.* |
| 161-17 | Internal Notes Document | **GRANTED.** | *See entry for Dkt. No. 161-9.* |
| 161-18 | Excerpt of Meta's Responses to MasterObjects' Requests for Production | **DENIED.** | Meta seeks to seal an excerpt of its responses to MasterObjects' requests for production in its entirety.  The request is overbroad, as it includes the requests for production themselves as well as Meta's |

United States District Court
Northern District of California

| | | | boilerplate objections.  Moreover, Meta does not adequately explain why public disclosure of certain responses could result in competitive harm.  For example, Meta seeks to seal broad discovery statements, such as "The accused instrumentality identified by MasterObjects — Typeahead — is not sold by Facebook.  Consequently, Facebook does not collect, analyze, or generate revenue information for the accused instrumentality.  Subject to, as limited by, and without waiving the foregoing General Objections and Specific Objections, Facebook will meet and confer with Plaintiff regarding the number of Requests propounded to date."  Meta does not sufficiently explain how disclosure of such broad discovery statements could cause it competitive harm. |
|---|---|---|---|
| 171-3 | Meta's Opposition to MasterObjects' Motion for Sanctions | **GRANTED IN PART** and **DENIED IN PART.** | This order finds this request justified as to the diagram on page seven of the document, disclosure of which could cause Meta competitive harm.  The request is otherwise denied. *See entry for Dkt. No. 161-3.* |
| 171-4 | Internal Technical Documentation | **GRANTED.** | *See entry for Dkt. No. 161-9.* |
| 171-5 | Transcript of Deposition of William Pei (2022) | **DENIED.** | *See entry for Dkt. No. 161-5.* |
| 171-6 | Parties' Email Correspondence | **DENIED.** | Meta seeks to seal email correspondence between the parties regarding the instrumentalities MasterObjects accused and its alleged failure to provide source-code disclosures.  Meta provides only boilerplate statements regarding how public disclosure of this information could cause it competitive harm.  Meta has not satisfied its burden of justifying the sealing of this material. |
| 171-7 | Internal Technical Documentation | **GRANTED.** | *See entry for Dkt. No. 161-9.* |
| 171-8 | Parties' Email Correspondence | **GRANTED.** | Meta seeks to seal six file paths to source code directories disclosed in correspondence between the parties.  There is little public interest in the file |

5

| | | | |
|---|---|---|---|
| | | | paths themselves for the purpose of this motion practice.  The calculus may change, however, in other contexts.  Being narrowly tailored, this order finds the request justified.  *See Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (Judge Haywood S. Gilliam, Jr.). |
| 171-9 | Transcript of Deposition of William Pei (2020) | **DENIED WITHOUT PREJUDICE.** | *See entry for Dkt. No. 193-3.* |
| 171-10 | Transcript of Deposition of Iosef Kaver | **DENIED.** | *See entry for Dkt. No. 161-12.* |
| 171-11 | Transcript of Deposition of Philip Pronin | **DENIED.** | *See entry for Dkt. No. 161-13.* |
| 171-12 | Excerpt of Meta's Responses to MasterObjects' Interrogatories | **DENIED.** | Meta seeks to seal a high-level overview it provided of its Typeahead system.  This description goes to both the heart of this litigation and, importantly, this motion practice, so the public interest weighs heavily in favor of disclosure.  Again, Meta has only provided boilerplate statements regarding how a high-level description of its system would result in competitive harm.  It also contains no source code, despite Meta asserting that it does.  Meta has not provided compelling reasons to keep this material under seal. |
| 171-13 | Transcript of Deposition of Bobby Zhou | **DENIED.** | *See entry for Dkt. Nos. 161-3 and 161-5.* |
| 171-14 | Transcript of Deposition of Ben Mercure | **DENIED.** | *See entry for Dkt. Nos. 161-3 and 161-5.* |
| 171-15 | Parties' Email Correspondence | **DENIED.** | Meta seeks to seal a passage of email correspondence between the parties, specifically, a two-sentence statement summarizing the testimony of a Rule 30(b)(6) witness.  Meta has not adequately explained how this high-level statement could lead to competitive harm, and it has only provided boilerplate statements justifying its request.  Those justifications fail. |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| 172-2 | Parties' Email Correspondence | **DENIED.** | Meta filed this material conditionally under seal, but MasterObjects does not seek to keep it confidential.  With no justification, the motion as to this material is denied. |
|---|---|---|---|
| 172-3 | Parties' Email Correspondence | **GRANTED IN PART** and **DENIED IN PART.** | MasterObjects seeks to seal the name of a non-party licensee, disclosure of which could cause both MasterObjects and the non-party licensee competitive harm (Dkt. No. 183).  Crucially, there is little public interest in this material, which was of only tangential importance to the merits of the motion for sanctions.  This calculus may change, however, in other contexts.  Being narrowly tailored, this order finds the request justified as to the name on page two of the document.  The motion as to the other material Meta conditionally sealed is denied.  *See entry for Dkt. No. 172-2.* |
| 177-3 | MasterObjects' Reply in Support of its Motion for Sanctions | **DENIED.** | *See entry for Dkt. No. 161-3.*  Meta's request relies on boilerplate justifications and is clearly overbroad.  For example, Meta seeks to seal the following quoted testimony, which is clearly not sealable: "Q: Well, most generally, sir, isn't typeahead all about sending portions of the query to try to provide predicted relevant responses quickly? *** THE WITNESS: I do not know."  Meta has not provided compelling reasons to keep this material under seal. |
| 177-4 | Transcript of Deposition of William Pei (2020) | **DENIED WITHOUT PREJUDICE.** | *See entry for Dkt. No. 193-3.* |
| 177-5 | Transcript of the Deposition of William Pei (2022) | **DENIED.** | *See entry for Dkt. No. 161-5.* |
| 177-6 | Excerpt of Meta's Responses to MasterObjects' Interrogatories | **DENIED.** | *See entry for Dkt. No. 171-12.* |
| 177-7 | Transcript of Deposition of Iosef Kaver | **DENIED.** | *See entry for Dkt. No. 161-12.* |
| 190-3 | Transcript of Deposition of William Pei (2020) | **DENIED WITHOUT PREJUDICE.** | *See entry for Dkt. No. 193-3.* |

| 190-5 | Transcript of Deposition of William Pei (2022) | **DENIED.** | *See entry for Dkt. No. 161-5.* |
|---|---|---|---|
| 190-7 | Excerpt of Meta's Responses to MasterObjects' Interrogatories | **DENIED.** | *See entry for Dkt. No. 171-12.* |
| 190-9 | Transcript of Deposition of Iosef Kaver | **DENIED.** | *See entry for Dkt. No. 161-12.* |
| 193-3 | Transcript of Deposition of William Pei (2020) | **DENIED WITHOUT PREJUDICE.** | In several instances, Meta seeks to seal excerpts of its Rule 30(b)(6) witness's 2020 deposition transcript on the grounds that it contains confidential information regarding its systems.  All of these requests to seal are overbroad, as a great deal of the material goes to the heart of this litigation.  In light of the detailed content in this document, within **FOURTEEN DAYS** of the filing of this order, Meta may submit a revised request that justifies the sealing of any information that may still be confidential within this transcript and its excerpts. *See Dkt. Nos. 161-7, 171-9, 177-4, 180-10, 190-3, 214-6.* |
| 193-4 | Transcript of Deposition of William Pei (2022) | **DENIED.** | *See entry for Dkt. No. 161-5.* |
| 193-5 | Transcript of Deposition of Iosef Kaver | **GRANTED IN PART** and **DENIED IN PART.** | Meta's request is granted as to the intranet URLs on page 58, lines 4, 5, 7, and 9.  There is little public interest in the intranet URLs themselves for the purpose of this motion practice. Otherwise, it is denied.  *See entry for Dkt. No. 161-12.* |
| 193-6 | Transcript of Deposition of Philip Pronin | **DENIED.** | *See entry for Dkt. No. 161-13.* |

## 2.   META'S MOTION TO STRIKE.

Regarding Meta's motion to strike and related briefing and exhibits, this order rules as follows:

United States District Court
Northern District of California

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 180-3 | Meta's Motion to Strike | **GRANTED IN PART** and **DENIED IN PART.** | MasterObjects seeks to seal information related to a non-party licensee (Dkt. No. 192). This order finds this request narrowly tailored and that public disclosure could cause both MasterObjects and the non-party licensee competitive harm. Crucially, there is little public interest in this material, which was of only tangential importance to the merits of the motion to strike. This calculus may change, however, in other contexts. The motion is granted as to the green highlighted material at page i, line 7 and page 4, lines 12–14, as requested. The motion as to other material Meta conditionally sealed on behalf of MasterObjects is denied. *See entry for Dkt. No. 172-2.*<br><br>Meanwhile, Meta's sealing request is overbroad, and Meta provides only boilerplate explanations for sealing. For example, Meta justifies its request by noting the existence of source code in the document, but no source code is present. Moreover, Meta seeks to seal the identity of the specific accused instrumentalities yet provides no meaningful justification for such a request. The request fails. |
| 180-4 | Transcript of Deposition of Jason Ament | **DENIED.** | Meta seeks to seal this deposition transcript on account of alleged details about its Typeahead system, but it provides only boilerplate justifications. The request is overbroad. The witness is generally describing the number of Typeahead sessions for the United States, but Meta provides no explanation of why public disclosure of this and other information contained in the transcript could lead to competitive harm. |
| 180-5 | MasterObjects' Infringement Contentions | **GRANTED.** | Meta seeks to seal detailed, confidential information related to its systems, including source code, public disclosure of which could cause it competitive harm. This order finds the request adequately tailored. |

| 180-6 | Expert Report of John Peck | **DENIED WITHOUT PREJUDICE.** | Meta's request to seal this 136-page expert report in its entirety is clearly overbroad, though it is hard to evaluate because so many pages are blurry.  In any event, the document clearly contains non-sealable material that goes to the heart of this litigation.  Meta's request is denied.  In light of the detailed content in this document, within **FOURTEEN DAYS** of the filing of this order, Meta may submit a revised request that justifies the sealing of any information that may still be confidential. |
| 180-7 | Internal Technical Documentation | **GRANTED.** | *See entry for Dkt. No. 161-9.* |
| 180-8 | Transcript of Deposition of Iosef Kaver | **DENIED.** | *See entry for Dkt. No. 161-12.* |
| 180-9 | Declaration of Trevor Smedley | **DENIED WITHOUT PREJUDICE.** | Meta's request is overbroad and covers non-sealable material that goes to the heart of this litigation.  However, in light of the detailed content in this document, within **FOURTEEN DAYS** of the filing of this order, Meta may submit a revised request that justifies the sealing of any information that may still be confidential. |
| 180-10 | Transcript of Deposition of William Pei (2020) | **DENIED WITHOUT PREJUDICE.** | *See entry for Dkt. No. 193-3.* |
| 180-11 | Reply Declaration of Trevor Smedley | **DENIED.** | Meta seeks to seal this declaration excerpt, but the excerpt appears to contain only information that Dr. Smedley obtained from experiments he ran on publicly accessible versions of Facebook that anyone could do.  Meta has not explained what information here actually qualifies as confidential and provides only boilerplate justifications. |
| 180-12 | Reply Report of John Peck | **DENIED.** | Meta seeks to seal this one-page reply report, but it provides only boilerplate explanations.  Moreover, the request is clearly not narrowly tailored.  For example, Meta seeks to seal information such as "I have reviewed Dr. Black's expert report carefully" and "I have reviewed Dr. Smedley's reply declaration in preparing this reply report, and I have relied on it in preparing this report.  I |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | | |
|---|---|---|---|
| | | | expect to include these points in my testimony prospectively." Meta's justifications therefore fail. |
| 180-13 | Correspondence Between the Parties | **DENIED.** | Meta seeks to seal this brief correspondence but again provides only boilerplate justifications, some of which are inapplicable, such as the presence of source code. Moreover, the request is clearly not narrowly tailored, as it seeks to seal the entire document, which is primarily legal argument that could not lead to competitive harm to Meta. |
| 181-2 | MasterObjects' Preliminary Damages Contentions | **DENIED.** | *See entry for Dkt. No. 172-2.* |
| 181-3 | Meta's Responsive Damages Contentions | **GRANTED.** | MasterObjects only seeks to seal material that pertains to its agreements with non-party licensees (Dkt. No. 192). Crucially, there is little public interest in this material for the purpose of this motion practice because it was of only tangential importance to the merits of the motion to strike. The calculus may change, however, in other contexts. This order finds MasterObjects' request adequately tailored and that public disclosure could cause both MasterObjects and non-party licensees competitive harm. The motion is granted as to MasterObjects' requested material. *See entry for Dkt. No. 180-3.* |
| 181-4 | Expert Report of William Latham | **GRANTED.** | *See entry for Dkt. No. 181-3.* |
| 181-5 | Mark Smit Disclosures Regarding Damages | **GRANTED.** | *See entry for Dkt. No. 181-3.* |
| 200-3 | MasterObjects' Opposition to Motion to Strike | **GRANTED IN PART** and **DENIED IN PART.** | Meta seeks to seal material from this briefing but only provides a laundry list of general, boilerplate justifications. This material goes to the heart of this litigation, so there is a strong public interest in it. Meta has not adequately shown that disclosure could cause it competitive harm. Meta incorrectly asserts that its memorandum contains source code. Moreover, the request is |

United States District Court
Northern District of California

| | | | overbroad and requests to seal information that clearly does not qualify. For example, Meta seeks to seal the fact that it told MasterObjects it "did not keep the topline TA metrics generated day-over-day" and that the representative data it produced in discovery would reflect "terabytes" of data.  The request is denied.<br><br>As to MasterObjects' material, the request is narrowly tailored and covers only material public disclosure of which could cause it competitive harm.  *See entry for Dkt. No. 180-3.*  The request is granted. |
|---|---|---|---|
| 200-4 | Transcript of Deposition of John Black | **DENIED.** | Meta provides only boilerplate justifications for sealing, many of which do not apply to this document.  For example, it contains no source code.  Moreover, the request is overbroad and requests to seal information that clearly does not qualify, such as testimony regarding the number of hours Mr. Black spent reviewing source code, where that source code was located, and how many files were on the source-code inspection computer. |
| 200-5 | Excerpt of Meta's Responses to MasterObjects' Interrogatories | **DENIED.** | *See entry for Dkt. No. 171-12.* |
| 200-6 | Excerpt of Meta's Responses to MasterObjects' Interrogatories | **DENIED.** | Meta seeks to seal an excerpt of its responses to MasterObjects' interrogatories in its entirety.  The request is overbroad, as it includes the interrogatories themselves as well as Meta's boilerplate objections.  Moreover, Meta does not adequately explain why public disclosure of the responses could result in competitive harm.  For example, Meta seeks to seal broad discovery statements, such as "Facebook will supplement, amend, and/or modify this response as warranted as discovery proceeds."  Meta does not sufficiently describe how disclosure of such broad discovery statements could cause it harm. |

| 200-7 | Rebuttal Expert Report of John Black | **DENIED.** | Meta seeks to seal a rebuttal expert report excerpt with technical information regarding its systems.  But the information in this excerpt goes to the heart of this case, so there is a strong public interest in disclosure.  Meta, moreover, only provides boilerplate justifications for sealing this material.  Meta references source code, of which there is none in this document, only citations to "FB_SOURCE_CODE[.]"  Meta does not adequately explain how this high-level information is sealable.  *See Finjan, Inc. v. Sophos*, Inc., 2015 WL 5012679, at *5 (N.D. Cal. Aug. 24, 2015) (Judge William H. Orrick).  The public interest outweighs Meta's interest in keeping this material sealed. |
| 200-8 | Correspondence Between the Parties | **DENIED.** | Meta provides only boilerplate justifications for sealing, many of which do not apply to this document.  For example, this document contains no source code.  Moreover, the request is overbroad and clearly encompasses non-sealable material, such as generic discovery quibbles.  Given the nature of the information at issue, Meta does not describe with particularity how disclosure would cause it competitive harm.  It merely provides the generic assertion that disclosure would "potentially giv[e] bad actors a roadmap to identifying sensitive information about Meta's technical operation of Typeahead and related functionalities" (Dkt. No. 211). |
| 200-9 | Correspondence Between the Parties | **DENIED.** | *See entry for Dkt. No. 200-8.* |
| 200-10 | Correspondence Between the Parties | **DENIED.** | *See entry for Dkt. No. 200-8.* |
| 200-11 | Correspondence Between the Parties | **DENIED.** | *See entry for Dkt. No. 200-8.* |
| 200-12 | Correspondence Between the Parties | **DENIED.** | *See entry for Dkt. No. 200-8.* |

United States District Court
Northern District of California

| 200-13 | Transcript of Deposition of Michael Rothschild | **DENIED.** | Meta provides only boilerplate justifications to seal this one-page transcript excerpt that do not directly address the material in question. Meta has not adequately explained how disclosure could lead to competitive harm. |
|---|---|---|---|
| 200-14 | Correspondence Between the Parties | **DENIED.** | *See entry for Dkt. No. 200-8.* |
| 200-15 | Correspondence Between the Parties | **DENIED.** | *See entry for Dkt. No. 200-8.* |
| 200-16 | Correspondence Between the Parties | **DENIED.** | *See entry for Dkt. No. 200-8.* |
| 200-17 | Transcript of Deposition of Ben Mercure | **DENIED.** | *See entry for Dkt. No. 200-13.* |
| 200-18 | Correspondence Between the Parties | **DENIED.** | *See entry for Dkt. No. 200-8.* |
| 200-19 | Rebuttal Expert Report of Lauren R. Kindler | **GRANTED.** | MasterObjects seeks to seal information related to non-party licensees from the table of contents of a rebuttal expert report. Crucially, there is little public interest in this material for the purpose of this motion practice because it was of only tangential importance to the merits of the motion to strike. This order finds MasterObjects' request adequately tailored and that public disclosure could cause both MasterObjects and non-party licensees competitive harm. The calculus may change, however, in other contexts. |
| 200-20 | Excerpt of Meta's Responses to MasterObjects' Interrogatories | **GRANTED IN PART** and **DENIED IN PART.** | The motion is granted as to MasterObjects' requested material. Again, there is little public interest in this material for the purpose of this motion practice, and the calculus may change in other contexts. This order finds MasterObjects' request adequately tailored and that public disclosure could cause both MasterObjects and non-party licensees competitive harm. Otherwise, the request is denied. *See entry for Dkt. No. 200-6.* |

14

| 202-3 | MasterObjects' Opposition to Motion to Strike | **GRANTED IN PART** and **DENIED IN PART.** | *See entry for Dkt. No. 200-3.* |
|---|---|---|---|
| 202-4 | Rebuttal Expert Report of Lauren R. Kindler | **GRANTED.** | *See entry for Dkt. No. 200-19.* |
| 202-5 | Excerpt of Meta's Responses to MasterObjects' Interrogatories | **GRANTED IN PART** and **DENIED IN PART.** | *See entry for Dkt. No. 200-20.* |
| 214-3 | Meta's Reply in Support of its Motion to Strike | **GRANTED IN PART** and **DENIED IN PART.** | MasterObjects seeks to seal the identity of a non-party licensee (Dkt. No. 220). The proposed redaction is narrowly tailored, and public disclosure of the information could result in competitive harm to MasterObjects and the non-party licensee. Once more, there is little public interest in this material for the purpose of this motion practice, and the calculus may change in other contexts. The motion is accordingly granted as to the green highlighted portion of page 7, line 10. *See entry for Dkt. No. 180-3.* Meta has not adequately shown that disclosure of its proposed redactions involving, for instance, the names of the top-level folders on the source-code inspection computer, could cause it competitive harm. |
| 214-4 | Transcript of Deposition of John Peck | **DENIED.** | Meta provides only boilerplate justifications for sealing, many of which do not apply to this document, let alone the highlighted material. Meta has not adequately shown that disclosure could cause it competitive harm. |
| 214-5 | Transcript of Deposition of Trevor Smedley | **GRANTED IN PART** and **DENIED IN PART.** | Meta's request is granted as to the name of the source code method at page 28, line 2, and the file name at line 6. There is little public interest in the names themselves for the purpose of this motion practice. Otherwise, it is denied. The remaining material goes to the heart of this litigation, so there is a strong public interest in it. Meta has not adequately shown that disclosure could cause it competitive harm. |

15

| 214-6 | Transcript of Deposition of William Pei (2020) | **DENIED WITHOUT PREJUDICE.** | *See entry for Dkt. No. 193-3.* |
|---|---|---|---|
| 214-7 | Transcript of Deposition of Trevor Smedley | **GRANTED IN PART** and **DENIED IN PART.** | Meta's request is granted as to the name of the source code methods at page 132 of the transcript, lines 18 and 22. There is little public interest in the names themselves for the purpose of this motion practice. Otherwise, Meta's request is denied. *See entry for Dkt. No. 200-7.* |
| 214-8 | Rebuttal Expert Report of John Black | **GRANTED IN PART** and **DENIED IN PART.** | Meta's request is granted only as to the names of source code methods, classes, and files, as well as source code line numbers, that appear in Section X.B of the report. There is little public interest in the names and line numbers themselves for the purpose of this motion practice. Otherwise, Meta's request is denied. *See entry for Dkt. Nos. 200-7.* |
| 214-9 | Excerpt of Meta's Responses to MasterObjects' Interrogatories | **DENIED.** | *See entry for Dkt. No. 171-12.* |
| 215-2 | Meta's Reply in Support of its Motion to Strike | **GRANTED IN PART** and **DENIED IN PART.** | *See entry for Dkt. No. 214-3.* |
| 248-4 | Rebuttal Expert Report of Lauren R. Kindler | **GRANTED.** | MasterObjects here seeks to seal the entirety of a rebuttal expert report with confidential material, public disclosure of which may cause MasterObjects and non-party licensees competitive harm. Elsewhere, however, MasterObjects has allowed the disclosure of a redacted version of the entire document, as well as a redacted excerpt. *See entry for Dkt. Nos. 200-19, 239-8.* Accordingly, the public interest in this material has been served elsewhere. The motion is granted as to this document. |
| 249-4 | Transcript of Deposition of Mark Smit | **GRANTED IN PART** and **DENIED IN PART.** | MasterObjects seeks to seal information that relates to non-party licensees. This order grants the motion with respect to the highlighted content at page 55 of the transcript, lines 2–4, because disclosure of this material could cause MasterObjects and non-party licensees competitive harm. *See entry for Dkt. No.* |

| | | | 180-3. Otherwise, MasterObjects' request is denied because it is overbroad. That MasterObjects has entered into plural "settlements," for example, is not confidential. |
|---|---|---|---|
| 249-5 | Transcript of Deposition of Mark Smit | **GRANTED.** | The motion is granted as to MasterObjects' requested material. This order finds MasterObjects' request adequately tailored and that public disclosure could cause both MasterObjects and a non-party licensee competitive harm. *See entry for Dkt. No. 200-19.* |
| 249-6 | Transcript of Deposition of Mark Smit | **GRANTED.** | *See entry for Dkt. No. 249-5.* |
| 249-7 | Transcript of Deposition of William Hassebrock | **DENIED.** | MasterObjects' request to seal this three-line answer is denied. That MasterObjects is "now in the licensing business" is not confidential. Disclosure of this fact, and the corollary that MasterObjects has "received some significant license revenue," will not cause competitive harm. |
| 249-8 | Rebuttal Expert Report of Lauren R. Kindler | **GRANTED.** | *See entry for Dkt. No. 248-4.* MasterObjects seeks to seal information from this 59-page expert report, which discusses non-party licensees at great length. This order finds MasterObjects' request narrowly tailored and that public disclosure could cause both MasterObjects and non-party licensees competitive harm. Crucially, there is little public interest in this material for the purpose of this motion practice because it was of only tangential importance to the merits of the motion to strike. This calculus may change, however, in other contexts. *See entry for Dkt. No. 181-3.* |
| 249-9 | Transcript of Deposition of Mark Smit | **GRANTED.** | *See entry for Dkt. No. 249-5.* |

### 3.   META'S MOTION FOR SUMMARY JUDGMENT.

Regarding Meta's motion for summary judgment and related briefing and exhibits, this order rules as follows:

17

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 208-3 | Meta's Motion for Summary Judgment | **DENIED.** | Meta seeks to seal general information regarding its pre-suit knowledge of the patents, an issue it put in dispute with its summary judgment motion. Meta provides only boilerplate explanations that are not even applicable to this content, such as how disclosure would "potentially giv[e] bad actors a roadmap to identifying sensitive information about Meta's technical operation of Typeahead and related functionalities." Meta's justifications fail. |
| 208-4 208-5 208-6 208-7 208-8 208-9 208-10 208-11 208-12 208-13 208-14 208-15 208-16 208-17 208-18 208-19 208-20 | Exhibits Filed in Connection with Meta's Motion for Summary Judgment | **MOOT.** | Meta filed a notice of errata and refiled these exhibits to comply with the case management order (*see* Dkt. No. 227). The sealing motion regarding these documents is accordingly moot. |
| 229-1 | Expert Report of John Peck | **DENIED.** | Meta seeks to seal material in this expert report involving "What [Typeahead] Sends Publicly in Making a [Typeahead] Call to its Server-Side." It appears anyone could access this information regarding the technical details of messages the Facebook client on a computer or phone sends to Meta's server. Meta does not explain how public disclosure of this information could cause it competitive harm and provides only boilerplate explanations, such as how disclosure would "potentially giv[e] bad actors a roadmap to identifying sensitive information about |

| | | | |
|---|---|---|---|
| | | | Meta's technical operation of Typeahead and related functionalities." |
| 229-2 | Rebuttal Expert Report of John Black | **DENIED.** | *See entry for Dkt. No. 200-7.* |
| 229-3 | Transcript of Deposition of Trevor Smedley | **GRANTED IN PART** and **DENIED IN PART.** | Meta's request is granted as to the name of the source code method at page 236 of the transcript, line 17.  There is little public interest in the name itself for the purpose of this motion practice.  Otherwise, the request is denied.  *See entry for Dkt. No. 200-7.* |
| 229-4 | Transcript of Deposition of David von Bargen | **GRANTED IN PART** and **DENIED IN PART.** | Meta seeks to seal deposition transcript language involving certain prior litigation and settlements between Meta and non-party licensees.  There is little public interest in these passages for the purpose of this motion practice, which is outweighed by the threat of competitive harm to Meta and non-party licensees.  The motion is granted for the proposed redactions up until page 25 of the transcript, line 3.  This calculus may change, however, in other contexts.  Meanwhile, the motion is denied for the remaining proposed redactions, which involve high-level information about Meta's use of outside counsel for patent prosecution.  That Meta uses outside counsel for patent prosecution is not confidential, and it is unclear how such high-level information could cause Meta competitive harm.  This information goes to pre-suit knowledge of the patents, an issue Meta put in dispute with its summary judgment motion. |
| 229-5 | Transcript of Deposition of Matthew Avery | **DENIED.** | *See entry for Dkt. No. 229-4.*  Meta seeks to seal high-level information about its use of outside counsel for patent prosecution.  That Meta uses outside counsel for patent prosecution is not confidential, and it is unclear how such information could cause Meta competitive harm.  Such information goes to pre-suit knowledge of the patents, an issue Meta put in dispute with its summary judgment motion. |

| 229-6 | Transcript of Deposition of Christopher King | **DENIED.** | *See entry for Dkt. No. 229-5.* |
|-------|------|------|------|
| 229-7 | Transcript of Deposition of Henry Tang | **DENIED.** | *See entry for Dkt. No. 229-5.* |
| 233-4 | MasterObjects' Opposition to Meta's Motion for Summary Judgment | **DENIED.** | Meta seeks to seal information in MasterObjects' opposition brief to a dispositive motion Meta filed.  This information goes to the heart of the case, so there is a strong public interest in disclosure.  Meta, moreover, only provides boilerplate justifications for sealing this material, such as how disclosure would "potentially giv[e] bad actors a roadmap to identifying sensitive information about Meta's technical operation of Typeahead and related functionalities."  Meta does not adequately explain how high-level information contained in this document is sealable.  Moreover, Meta's request is overbroad and clearly includes non-sealable material, such as the fact that Meta relies on outside counsel to handle patent prosecution work.  The public interest outweighs Meta's interest in keeping the material sealed. |
| 233-5 | Transcript of Deposition of Markus Messner-Chaney | **DENIED.** | Meta seeks to seal deposition transcript language.  This information goes to the heart of this case, so there is a strong public interest in disclosure.  Meta, moreover, only provides boilerplate justifications for sealing this material. |
| 233-6 | Rebuttal Expert Report of John Peck | **DENIED.** | Meta seeks to seal expert opinion material regarding the validity of the patents-in-suit but does not explain how this analysis addresses its system such that disclosure could result in competitive harm.  Patents are publicly available documents.  With no explanation, only boilerplate justifications, this request fails. |
| 233-7 | Excerpt of Meta's Responses to MasterObjects' Interrogatories | **DENIED.** | Meta seeks to seal an excerpt of its responses to MasterObjects' interrogatories.  This information goes to the heart of this litigation and also primarily addresses the patents, not |

United States District Court
Northern District of California

1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28

| | | | | Meta's system.  It is unclear how disclosure could result in competitive harm to Meta.  Meta does not explain and only provides boilerplate justifications. |
|---|---|---|---|---|
| 233-8 | Transcript of Deposition of Matthew Avery | | **DENIED.** | *See entry for Dkt. No. 229-5.* |
| 233-9 | Transcript of Deposition of Christopher King | | **DENIED.** | *See entry for Dkt. No. 229-5.* |
| 233-10 | Transcript of Deposition of Henry Tang | | **DENIED.** | *See entry for Dkt. No. 229-5.* |
| 240-3 | Transcript of Deposition of Christopher King | | **DENIED.** | *See entry for Dkt. No. 229-5.* |
| 240-4 | Transcript of Deposition of Matthew Avery | | **DENIED.** | *See entry for Dkt. No. 229-5.* |

   **4.      META'S MOTION TO EXCLUDE EXPERTS.**

   Regarding Meta's motion to exclude experts and related briefing and exhibits, this order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 209-2 | N/A | **GRANTED.** | No ruling was made on this motion prior to termination of the litigation, so the public interest in this material is de minimis. |
| 209-3 | | | |
| 209-4 | | | |
| 209-5 | | | |
| 209-6 | | | |
| 209-7 | | | |
| 209-8 | | | |
| 209-9 | | | |
| 209-10 | | | |
| 209-11 | | | |
| 209-12 | | | |
| 209-13 | | | |
| 209-14 | | | |
| 209-15 | | | |
| 209-16 | | | |
| 230-1 | | | |
| 237-4 | | | |
| 237-5 | | | |
| 237-6 | | | |

| 251-3 | | | |
| 252-2 | | | |
| 261-2 | | | |
| 261-3 | | | |

### 5.    MISCELLANEOUS FILINGS.

Regarding these miscellaneous filings, this order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 224-2 | Meta's Submission Regarding Claim Construction Issues in Related Case | **DENIED.** | Meta filed this material conditionally under seal, but MasterObjects does not seek to keep it confidential (Dkt. No. 235).  With no justification, the motion as to this material is denied. |
| 287-3 | MasterObjects' Response to Request for Information | **GRANTED.** | MasterObjects filed this document in response to the Court's request for information regarding why MasterObjects sought to seal one non-party's name in some instances but not in others.  Given that MasterObjects' request to seal is narrowly tailored, and that public interest in this information is minimal for the purpose of this motion practice, the motion to seal is granted with request to MasterObjects' proposed redactions.  This calculus may change, however, in other contexts. |
| 287-4 | Requested Correspondence with Non-Party Licensee | **GRANTED.** | MasterObjects filed this document in response to the Court's request for "correspondence in which the non-party licensees 'recently expressed [their] desire that MasterObjects seek to seal material related to their respective agreements with MasterObjects.'"  Given that MasterObjects' request to seal is narrowly tailored, and that public interest in this information is minimal for the purpose of this motion practice, the motion to seal is granted with request to MasterObjects' proposed redactions.  This calculus may change, however, in other contexts. |
| 287-5 | Requested Correspondence with Non-Party Licensee | **GRANTED.** | *See entry for Dkt. No. 287-4.* |

| 287-6 | Requested Correspondence with Non-Party Licensee | **GRANTED.** | *See entry for Dkt. No. 287-4.* |

## CONCLUSION

In sum, the motions are **GRANTED IN PART** and **DENIED IN PART**.  With respect to motions to seal that this order denied without prejudice, revised requests may be submitted that justify sealing any information that may still be confidential within **FOURTEEN DAYS**.  All other documents shall be refiled in full compliance with this order no later than **MAY 19, 2023, at 12:00 P.M.**

**IT IS SO ORDERED.**

Dated:  February 7, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California